UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Raymond Mullas,

                Plaintiff,        Case No. 16-cv-13430

v.                                    Judith E. Levy
                                    United States District Judge
Collins Motor Sales, Inc. and
Daniel Collins,                   Mag. Judge R. Steven Whalen

                Defendants.

_____/

**OPINION AND ORDER DENYING DEFENDANTS' UNOPPOSED MOTION TO FILE LAWSUIT RESOLUTION UNDER SEAL FOR *IN CAMERA* REVIEW AND APPROVAL [11]**

In September 2016, plaintiff filed a three-count complaint alleging that defendants violated the Fair Labor Standards Act by failing to pay minimum wage, failing to pay overtime, and for retaliation. (*See* Dkt. 1.) The parties have apparently resolved the matter among themselves, and defendants seek to have the settlement agreement reviewed *in camera* for approval and sealed from the public eye. (*See* Dkt. 11.) Defendants reason that because they "desire confidentiality" and the "confidentiality provision is a material term"; there "is a strong public

policy in favor of resolving disputed claims"; and public "disclosure of the terms and conditions of the Resolution would render it less valuable," the Court should exercise its "discretionary power to seal documents." (*Id.* at 2-3.)

Unlike other settlement agreements, there is a presumption of public access to agreements approved under the FLSA. *See Snook v. Valley OB-GYN Clinic, P.C.*, No. 14-cv-12302, 2014 U.S. Dist. LEXIS 177517, at *7 (E.D. Mich. Dec. 29, 2014) (directing parties to file the proposed settlement agreement on the docket within one week "in light of the extensive case law indicating that it is inappropriate to allow FLSA settlement agreements to remain confidential"); *Bouzzi v. F&J Pine Rest., LLC*, 841 F. Supp. 2d 635, 639 (E.D.N.Y. 2012) ("Whe[n], as here, the FLSA settlement is submitted to the court for approval, the approval process is a judicial act. Consequently, the settlement agreement is a judicial document to which the presumption of public access attaches."); *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 647 (S.D.N.Y. 2011) ("[T]his Court joins the overwhelming consensus of district courts that have considered the issue to hold that an FLSA

settlement cannot be sealed absent some showing that overcomes the presumption of public access.").

As noted above, the only reason defendants give as to the need of confidentiality is that it is a material term that they desire, and without it, the agreement would be less valuable. But "courts have 'roundly rejected' the argument that confidentiality provisions in [FLSA] settlement agreements are a sufficient interest to overcome the presumption of public access." *Snook*, 2014 U.S. Dist. LEXIS 177517, at *6. Defendants have given no reason for this Court to do otherwise.

Accordingly, defendants' motion (Dkt. 11) is DENIED. The parties shall file the proposed settlement agreement on the docket for the Court's review by March 24, 2017.

IT IS SO ORDERED.

Dated: March 21, 2017  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 21, 2017.

          <u>s/Felicia M. Moses</u>
          FELICIA M. MOSES
          Case Manager